JUDGE GARDEPHE

12 CIV 3693

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

MAY - 9 2012
U.S.D.C. S.D.N.Y.
CASHIERS

| | |
|---|---|
| SHARON YUZARY on behalf of herself and all others similarly situated, <br><br>                  **Plaintiff,** <br>   -against- <br><br> HSBC BANK USA, N.A.; HSBC USA, INC.; and HSBC NORTH AMERICA HOLDINGS, INC. <br><br>                  **Defendants.** | **CLASS ACTION COMPLAINT** |

Plaintiff Sharon Yuzary ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Fitapelli & Schaffer, LLP and Outten & Golden LLP, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    This lawsuit seeks to recover overtime compensation for Plaintiff and her similarly situated co-workers who have been employed by HSBC Bank USA, N.A., HSBC USA, Inc., and HSBC North America Holdings, Inc. (collectively "HSBC" or "Defendants") in the United States.

2.    HSBC Bank USA, N.A. has over $209.3 billion in total assets and operates more than 470 branches throughout the United States. There are over 370 branches in New York

State, as well as branches in Connecticut, Washington D.C., Florida, New Jersey, Pennsylvania, Maryland, Virginia, California, Delaware, Illinois, Oregon, and Washington state.

3.      Plaintiff worked for HSBC as a Premier Relationship Manager at three different HSBC branches in Manhattan.  Premier Relationship Managers are required to perform a variety of duties including, but not limited to: referring customers to various HSBC professionals and specialists such as financial advisors and mortgage officers; acting as a liaison between customers and financial advisors and mortgage officers; scheduling and attending customer appointments with financial advisors and mortgage officers; soliciting new customers; opening new credit lines, checking accounts, and direct deposit accounts; selling insurance products; suggesting new products to customers; engaging in relationship-building with customers with the goal of customer retention and solicitation of new business; and meeting sales goals.

4.      Premier Relationship Managers are compensated by HSBC in part through an annual salary and in part through a commission.   Commission is not guaranteed.  In order to receive commission, Premier Relationship Managers are required to fulfill daunting productivity requirements which are set out in a complex point system.  Premier Relationship Managers receive points for completing certain tasks such as: making customer referrals to financial advisors and mortgage officers; bringing in new customers; and opening credit lines, checking accounts and the like.  The receipt of points for certain tasks is conditioned upon the completion of transactions by other HBSC employees – a contingency out of Premier Relationship Managers' control.

5.      In order to meet these productivity requirements, Premier Relationship Managers are often required to work in excess of 40 hours per week.  Additionally, HSBC has or had a policy under which Premier Relationship Managers were required to work late one night per

week to conduct "call blocks," where they called current customers to attempt to solicit the sale of new products or services.

6.      Personal Banking Officers, Business Banking Specialists, and Small Business Specialists are similarly situated to Premier Relationship Managers. Personal Banking Officers, Business Banking Specialists, and Small Business Specialists are required to perform a variety of identical and substantially similar duties including, but not limited to: soliciting new customers; educating customers and suggesting new products; and meeting sales goals.

7.      Plaintiff brings this action on behalf of herself and similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

8.      Plaintiff also brings this action on behalf of herself and all similarly situated current and former employees of Defendants who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

9.      Plaintiff is an adult individual who is a resident of Jamaica, New York.

10.     Plaintiff was employed by Defendants at three different HSBC branches in Manhattan as a Premier Relationship Manager from July 28, 2008 to March 15, 2012.

11.     Plaintiff worked at the Seventh Avenue branch from July 28, 2008 to May 2009.

12.     Plaintiff temporarily worked at both the Herald Square and Penn Plaza branches from May 2009 to September 2009, when she began working exclusively at the Herald Square branch until March 15, 2012, when she was terminated.

13.     Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

14.     A written consent form for Plaintiff is attached hereto as Exhibit A.

**Defendants**

15.     Defendants HSBC Bank USA, N.A., HSBC USA, Inc., and HSBC North America Holdings, Inc., jointly employed Plaintiff and similarly situated employees at all times relevant. Each Defendant has had substantial control over Plaintiff's working conditions, and over the unlawful policies and practices alleged herein.

**HSBC Bank USA, N.A.**

16.     HSBC Bank USA, N.A. is a foreign business corporation, organized and existing under the laws of Maryland.

17.     HSBC Bank USA, N.A. is the principal subsidiary of HSBC USA Inc.

18.     Throughout the relevant period, HSBC Bank USA, N.A. employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

19.     HSBC Bank USA, N.A. is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

20.     At all times relevant, HSBC Bank USA, N.A. maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

21.     HSBC Bank USA, N.A. applies the same employment policies, practices, and

procedures to all Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists.

22.     At all times relevant, HSBC Bank USA, N.A.'s annual gross volume of sales made or business done was not less than $500,000.

23.     HSBC Bank USA, N.A. is the entity listed on Plaintiff's paystubs and W-2.

**HSBC USA, Inc.**

24.     HSBC USA, Inc. is a foreign business corporation, organized and existing under the laws of Maryland.

25.     HSBC USA, Inc., is an indirectly-held, wholly owned subsidiary of HSBC North America Holdings Inc.

26.     Throughout the relevant period, HSBC USA, Inc. employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

27.     HSBC USA, Inc. is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

28.     At all times relevant, HSBC USA, Inc. maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

29.     HSBC USA, Inc. applies the same employment policies, practices, and procedures to all Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists.

30.     At all times relevant, HSBC USA, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

**HSBC North America Holdings, Inc.**

31.     HSBC North America Holdings, Inc. is a foreign business corporation, organized and existing under the laws of Delaware.

32.     Throughout the relevant period, HSBC North America Holdings, Inc. employed Plaintiff and similarly situated employees within the meaning of the FLSA and NYLL.

33.     HSBC North America Holdings, Inc. is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

34.     At all times relevant, HSBC North America Holdings, Inc. maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

35.     HSBC North America Holdings, Inc. applies the same employment policies, practices, and procedures to all Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists.

36.     At all times relevant, HSBC North America Holdings, Inc.'s annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

37.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

38.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

39.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

40.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

41.     Plaintiff brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists earning less than $100,000 in compensation per year, at any branch location in the United States, on or after the date that is three years before the filing of the Class Action Complaint in this case, who elect to opt-in to this action (the "FLSA Collective").

42.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

43.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

        a.      willfully failing to pay its employees, including Plaintiff and the FLSA Collective, overtime wages for hours that they worked in excess of 40 hours per workweek; and

        b.      willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

44.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

45.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

46.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

47.    Plaintiff brings the Second and Third Causes of Action, NYLL claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists, who work or have worked at any branch location in New York State, on or after the date that is six years before the filing of the Class Action Complaint in this case (the "Rule 23 Class").

48.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

49.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

50.    Upon information and belief, the size of the Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

51.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

52.    Common questions of law and fact exist as to the Rule 23 Class that predominate

over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

(b)    whether Defendants failed to compensate Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(d)    whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(e)    the nature and extent of class-wide injury and the measure of damages for those injuries.

53.    The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all members of the Rule 23 Class work, or have worked, for Defendants as Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists, in New York state. Plaintiff and members of the Rule 23 Class, enjoy the same statutory rights under the NYLL to be paid overtime wages. Plaintiff and members of the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

54.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, she must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiff understands that in

decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the interests of the class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Plaintiff and the Rule 23 Class members.

55.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

56.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

57.     Consistent with its policies and patterns or practices as described herein, Defendants harmed Plaintiff individually as follows:

58.     Throughout the duration of her employment with Defendants, at all three branch locations, Plaintiff consistently worked more than 40 hours per week, and oftentimes worked as many 50-55 hours per week.

59.     Plaintiff's work projects were delegated to her by her superiors.

60.     Defendants were aware that Plaintiff was working well over 40 hours per workweek, yet Defendants failed to pay Plaintiff any overtime compensation for any of the hours she worked over 40 in a workweek

61.     Upon information and belief, Defendants did not keep accurate records of hours worked by Plaintiff – Plaintiff's hours are not recorded on her pay stubs, and she was never required to clock in or out, or otherwise record her time.

62.     As Premier Relationship Manager, Plaintiff's primary duties were routine tasks, including, but not limited to:

   a.   greeting customers;

   b.   scheduling appointments for customers with various HSBC professionals and specialists;

   c.   calling customers to solicit the sale of products;

   d.   opening checking accounts, credit lines, and direct deposit accounts; and

   e.   soliciting new customers.

63.     Plaintiff's primary duty was not directly related to Defendants' or Defendants' customers' management or general business operations.  Plaintiff's primary duty did not include the exercise of discretion and independent judgment regarding matters of significance.  In that regard, Plaintiff:

   a.   was not involved in planning Defendants' or Defendants' customers' long or short term business objectives;

b.  could not formulate, affect, implement or interpret Defendants' or Defendants' customers' management policies or operating practices;

c.  did not carry out major assignments that affected Defendants' or Defendants' customers' business operations;

d.  did not have authority to commit Defendants or Defendants' customers in matters that have significant financial impact; and

e.  could not waive or deviate from Defendants' or Defendants' customers' established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class Action Complaint.

66.     Plaintiff has consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

67.     At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

69.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71.     Defendants have failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled to under the FLSA.

72.     Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and other similarly situated current and former employees.

73.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

74.     As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

75.     As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law Article 19 – Unpaid Overtime
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     Defendants engaged in a widespread pattern, policy, and practice of violating the

- 13 -

NYLL, as detailed in this Class Action Complaint.

78.    At all times relevant, Plaintiff and members of the Rule 23 Class have been employees and Defendants have been their employer within the meaning of the NYLL.

79.    Plaintiff and the Rule 23 Class members are covered by the NYLL.

80.    Defendants employed Plaintiff and members of the Rule 23 Class as an employer.

81.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82.    Defendants failed to pay Plaintiff and members of the Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

83.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and members of the Rule 23 Class.

84.    Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

85.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION

### New York Labor Law– Record Keeping Violations
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

86.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87.    Defendants have willfully failed to supply Plaintiff and the members of the Rule

23 Class notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

89.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as Premier Relationship Managers, Personal Banking Officers, Small Business Specialists, and Business Banking Specialists, or similarly situated positions, and earning less than $100,000 in compensation per year. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay, and liquidated damages permitted by law pursuant to the NYLL;

D.      One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

E.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

G.      Issuance of a declaratory judgment that the practices complained of in this Class

Action Complaint are unlawful under the NYLL;

    H.    Pre-judgment interest and post-judgment interest as provided by law;

    I.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    J.    Attorneys' fees and costs of the action;

    K.    Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: New York, New York
       May 9, 2012

                      Respectfully submitted,

                      Brian S. Schaffer

                      **FITAPELLI & SCHAFFER, LLP**
                      Joseph A. Fitapelli
                      Brian S. Schaffer
                      Eric J. Gitig
                      475 Park Avenue South, 12th Floor
                      New York, New York 10016
                      Telephone: (212) 300-0375

                      **OUTTEN & GOLDEN LLP**
                      Justin M. Swartz
                      Jennifer L. Liu
                      3 Park Avenue, 29th Floor
                      New York, New York 10016
                      Telephone:  (212) 245-1000

                      *Attorneys for Plaintiff and*
                      *the Putative Class*

# EXHIBIT A

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against HSBC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Signature

Sharon Yuzary

Full Legal Name (Print)